# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY V. OLDHAM, et al., <br><br> Plaintiffs, <br> vs. <br> TRAVELERS INC., et al, <br><br> Defendants. | CASE NO. 09cv1225 DMS (WVG) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Pending before the Court is Plaintiffs' motion for leave to file an amended complaint. For the reasons set forth below, Plaintiffs' motion is denied.

## I.
## BACKGROUND

Plaintiffs' claims stem from a black toxic mold and bed bug infestation which rendered their apartment uninhabitable. (FAC ¶ 17.) Plaintiffs allege that they became physically ill due to the condition of the apartment and that they suffered economic loss by being forced to move out and find a new residence. (FAC ¶¶ 24-29.) Plaintiffs allege that Defendants Travelers Property Casualty Insurance Company and Standard Fire Insurance Company ("Defendants") wrongfully denied their insurance claim, which then forced Plaintiffs into a settlement with the property management company.

Plaintiffs, acting in pro se, initially filed suit in state court on November 10, 2008. (Doc. 1, Ex. A.) Defendants answered on January 8, 2009. (Doc. 1, Ex. B.) Plaintiffs thereafter sought leave

to file an amended complaint. Defendants agreed not to oppose the motion if Plaintiffs dropped their proposed claims under California's unfair competition law. (Pl. Reply, Ex. 5.) Plaintiffs then filed a first amended complaint in state court on April 28, 2009, which included claims for breach of contract and "bad faith." The amended complaint did not include an unfair competition claim. (Doc. 1, Ex. C.) Defendants filed an answer on June 4, 2009. (Doc. 1, Ex. E.)

Thereafter, on June 5, 2009, Defendants removed the case to this Court. (Doc. 1.) Magistrate Judge Brooks issued a scheduling order on July 14, 2009. (Doc. 12.) Plaintiffs filed the instant motion on November 16, 2009. (Doc. 17.) Defendants opposed the motion (Doc. 24), and Plaintiffs filed a reply. (Doc. 26.)

## II.

## DISCUSSION

Initially, the Court notes that according to the scheduling order, all motions to amend had to be filed and heard by December 8, 2009. (Doc. 12 at 2.) Although the hearing date on the instant motion is past the December 8 deadline, part of the delay was due to this Court's calendar. Thus, the Court will address the motion on the merits.

Plaintiffs seek to amend their complaint in two ways: (1) by adding third party defendants Rosemary Raya, Robert Raya, Michael Raya, and Willin Properties; and (2) by adding a claim under California's unfair competition law, California Business and Professions Code section 17200, et seq. ("UCL"). A court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Four factors are considered when deciding whether leave to amend should be granted: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

### A. Bad Faith

Defendants argue Plaintiffs acted in bad faith in connection with their motion to amend because they misrepresented the scope of their proposed amendment. The Court agrees. Prior to filing the subject motion, Plaintiffs contacted Defendants and discussed a possible stipulation regarding the proposed amendment. Defendants agreed not to oppose an amendment to add Willin Properties.

(Zhordania Dec., Ex. B.) Consistent with the parties' discussions, Plaintiffs proposed a "Stipulation to Amend Pleading to Add Claim Against Third Party Defendant." (Pl. Mot. Ex. 1.) While the stipulation is not signed by Defendants, it is accompanied by a letter from Defendants indicating they would not oppose the motion. (*Id.*) The amended complaint, however, not only adds Willin Properties but also purports to state a claim for unfair competition. Defendants therefore refused to sign the stipulation and opposed the motion. (Zhordania Dec., Ex. C.)

Plaintiffs do not dispute this version of facts. Rather, Plaintiffs argue that the unfair competition claim is not new to Defendants because Plaintiffs tried to add the claim in state court. However, when Plaintiffs sought leave to amend in state court, Defendants informed Plaintiffs they would oppose the motion unless Plaintiffs dropped the unfair competition claim. (Pl. Reply, Ex. 5.) Plaintiffs then filed a first amended complaint without an unfair competition claim. Thus, Plaintiffs knew Defendants would oppose the instant motion if it contained an unfair competition claim; yet, it appears Plaintiffs attempted to gain Defendants' consent by misrepresenting the nature of the proposed amendment.

**B.     Undue Delay**

Defendants argue undue delay because the proposed amendment is not based on discovery of new facts, but rather is an attempt to add parties and claims that Plaintiffs have known about since the inception of the lawsuit. Plaintiffs argue they are adding Willin Properties because Defendants raised the existence of the settlement agreement with Willin in their motion to compel and because Plaintiffs desire discovery of documents in Willin's possession.

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Although Plaintiffs filed the instant motion within the time frame set out by the scheduling order, the motion was filed more than one year after the filing of the original complaint. The proposed amendments are not based on information Plaintiffs learned during discovery. Plaintiffs knew of the identities of the property owners when they filed their complaint. They also were aware of potential unfair competition claims as early as April 2009, when they filed their first amended complaint in state

court. Further, Plaintiffs need not amend their complaint to obtain discovery from Willin Properties as they may subpoena the records in question. Plaintiffs delay of more than one year since the filing of the original complaint to advance the proposed amendments is, therefore, undue.

### C.     Futility

Defendants argue the proposed amendments are futile because Plaintiffs released Defendants from liability in an earlier settlement agreement. Defendants also argue the unfair competition claim fails because Plaintiffs cannot recover damages under the UCL for unpaid insurance contract benefits.

The Court agrees. The proposed new parties are property owners and the management company (Willin Properties) of Plaintiffs' apartment. While Plaintiffs have added these parties to the caption of the complaint, no allegations are stated in the text of the amended complaint against these parties. Thus, the present allegations and claims relate to Defendants' denial of the insurance claim, not to any conduct by the property owners or management company. Further, Plaintiffs previously brought suit against these parties and entered into a settlement agreement. (FAC ¶ 10.) Plaintiffs settled for $13,000 and released Rosemary Raya, Robert Raya, Michael Raya, and Willin Properties, all of the newly named defendants, from any and all actions. (Zhordania Dec., Ex. E.) Accordingly, Plaintiffs cannot now state a claim against these parties.

In addition, Plaintiffs' UCL claim purports to state a class action claim for false advertising. Plaintiffs, acting in pro se, cannot represent a class and therefore cannot pursue class-wide relief. Further, damages are not available under the UCL. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1266 (1992). Plaintiffs, using form language, state they seek injunctive relief or restitution for alleged UCL violations; however, they claim injury based upon the denial of their insurance claim, which ultimately is a claim for damages. Plaintiffs proposed claim is therefore futile.

### D.     Prejudice

Defendants argue they will suffer prejudice from the proposed amendment because it will require additional discovery and discovery motions, and the discovery deadline is fast approaching. Plaintiffs do not specifically respond to this argument. Under the current scheduling order, discovery must be completed by March 8, 2010, although the deadline for serving written discovery is this week. Given that discovery is still ongoing, Defendants have not established prejudice. Nevertheless, after

careful consideration of the above factors, the Court finds that three of the four factors weigh heavily against leave to amend.

### III.
### CONCLUSION

For these reasons, Plaintiffs' motion for leave to amend the complaint is respectfully denied.

**IT IS SO ORDERED.**

DATED: January 6, 2010

HON. DANA M. SABRAW
United States District Judge